**SO ORDERED.**

**SIGNED this 16 day of May, 2012.**

_____
**J. Rich Leonard
United States Bankruptcy Judge**

_____

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NORTH CAROLINA
WILMINGTON DIVISION

IN RE:

CECILIA A. RADZVIOLWICZ,                          CASE NO. 11-06132-8-JRL
                                                  CHAPTER 13
    DEBTOR.

_____

## ORDER

This matter came before the court on the debtor's objection to the claims of The Natalie Tanner Foundation, Andrew Tanner, Don Marshall, and Jeanne Radak (collectively "creditors"). A hearing was held on April 18, 2012 in Wilmington, North Carolina.

In 2008, the debtor and her now deceased husband, Joseph Radzvilowicz, formed two limited liability companies in Nevada. Various loan documents were executed by Mr. Radzvilowicz as "managing member" in favor of the creditors. The documents also contained language indicating that Mr. Radzvilowicz would be personally liable on the notes. The debtor testified that she never signed the notes and was unaware of their existence. The creditors each filed a proof claim in the debtor's case. At the hearing, the creditors asserted that the debtor was liable to them based on the personal guarantees executed by Mr. Radzvilowicz. The debtor filed an omnibus objection to the creditors' claims on December 6, 2011. She contends that she is not

individually liable to the creditors.

**DISCUSSION**

First, the debtor contends that Mr. Radzvilowicz is not personally liable on the notes to the creditors. Specially, Mr. Radzvilowicz signed the notes in his managing member, not individual, capacity. The creditors rely on Threlkel v. Shenanigan's Inc., 881 P.2d 674 (Nev. 1994), for the proposition that an individual is not shielded from personal liability by writing his official corporate title next to his name on the signature line when the clear intent of the agreement is that the individual will be personally liable.

The plaintiff in Threlkel signed his name on a promissory note with a handwritten notation of his corporate capacity to the side of his signature, and his name and corporate title were also typed below the signature line. Id. at 675. The phrase "[t]he undersigned do hereby personally guarantee the payment of this note" was written directly above the signature line. Id. The plaintiff argued that under Nevada's Uniform Commercial Code he was not personally liable because he identified that he was signing the note in his representative capacity on behalf of the corporation. Id. at 675–76. The Nevada Supreme Court recognized that the plaintiff cited the statutory rule correctly. Id. at 676. "However, this rule does not apply when the representatives sign instruments which state that the signers 'personally guarantee . . . payment' thereunder, as the statute simply does not contemplate or provide for such an intervening factor." Id. Ultimately, the court held, "[n]othing . . . detracts from the conclusion that the language 'the undersigned do hereby personally guarantee the payment of this note' means what it says." Id. at 677.

The facts of this case are practically indistinguishable from Threkel. Here, the language

of the loan agreements clearly established Mr. Radzvilowicz's liability both as the maker of the note for the LLC and in his individual capacity. Furthermore, in the paragraph setting forth the guarantee, Mr. Radzvilowicz wrote his personal address, not that of the LLC. Thus, the court finds the husband agreed to be personally liable for the debt.

In the alternative, the debtor contends that she is not liable for personal guarantees signed by her husband. The creditors contend that based on Nevada community property law, the debtor is liable to them for community claims. A community claim is "'a debt owed by the debtor or the debtor's spouse, which under state law could have been satisfied from community property that would have passed to the debtor's bankruptcy estate, whether or not such property existed at the commencement of the case.'" In re Noble, 2007 WL 7540993, *3 (9th Cir. BAP 2007) (quoting Fed. Deposit Ins. Corp. v. Soderling (In re Soderling), 998 F.2d 730, 733 (9th Cir. 1993)). Community property is not defined in the Bankruptcy Code. Thus the court must look to Nevada state law to give the term meaning. In re Field, 440 B.R. 191, 194 (Bankr. D. Nev. 2009).

In Nevada, unless otherwise provided by law, decree, or agreement, all property acquired after marriage is presumed to be community property. NEV. REV. STAT. § 123.220. This presumption applies even if a marriage is dissolved by death or divorce. Smith v. Lanier, 998 S.W.2d 324 (Tex. App. 1999). "Nevada law treats debts and other obligations incurred during the term of the marriage similarly to the way it treats property." In re Field, 440 B.R. at 195; see also Dubler v. Moret, 2009 WL 3711883 (Nev. 2009) (debt incurred after marriage is presumed to be community debt).

In Noble, the court held that two guarantees made by the husband, alone, constituted

community claims for which the wife's chapter 13 bankruptcy estate was liable.  In re Noble, 2007 WL 7540993, at *5.  The wife had not signed the guarantees but the court found that because the debt had been incurred during the marriage, it was presumed to be a community obligation under Nevada law.  Id. at *4.  The court acknowledged that the community property presumption can be rebutted by a showing of "clear and convincing evidence."  Id.  "With respect to a loan, the presumption of community obligation is rebutted by a showing that the lender intended to extend the loan on the faith of the existing property belonging to the spouse acquiring the loan."  Id.  After examining the specific facts of the case, the court held that there was no evidence to suggest that the creditor relied solely on the husband's financial records nor was there any testimony that the creditor intended to hold only the husband liable.  Id. at *4–*5.

      The Noble case is clearly on point and drives the ultimate result in this case.  Here, the debt arose during the community at a time when Mr. Radzvilowicz and the debtor had done nothing to separate their estates.  The debt was also incurred for the benefit of the community.  Together they were working hard to make their LLCs successful. The loans were necessary to keeping the LLCs running and to provide a salary for the family.  The fact that the debtor did not know the precise terms of the agreements is irrelevant.  The debtor has not presented sufficient evidence to establish that the agreement was entered into for the husband's sole benefit, nor that the creditors intended to hold only Mr. Radzvilowicz liable.

      Based on the foregoing, the debtor's objection to the creditors' claims is **OVERRULED**.

**END OF DOCUMENT**